**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ciro GARGANO, Defendant-Appellant.**

**No. 87–1798.**

United States Court of Appeals, Seventh Circuit.

Submitted July 8, 1987.

Decided Aug. 7, 1987.

party sources of income are the miner's proper- ty for purposes of the Black Lung Benefits Act.

Myron J. Hack, Chicago, Ill., for defendant-appellant.

Victoria J. Peters, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before POSNER, MANION, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

We asked the parties to brief the question whether, in view of the following chronology, we have jurisdiction of this appeal. On May 14 of this year the district court denied a motion under Rule 35 of the Federal Rules of Criminal Procedure for reduction of sentence, and a motion under 28 U.S.C. § 2255 to vacate sentence, both filed by Gargano, a federal prisoner. On the same day Gargano filed a notice of appeal to this court. On May 18, however, he asked the district court to reconsider its order of May 14. The district court has not yet acted on his motion and will not do so till we decide the jurisdictional question. That question is, did the filing of the motion for reconsideration divest this court of jurisdiction of either the appeal from the Rule 35 ruling, or the appeal from the section 2255 ruling, or both?

■ 1. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that the filing of a motion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider a civil judgment tolls the time for appealing from the judgment until the motion is decided, and nullifies any notice of appeal filed before that happens. Although the rule does not say so, the notice of appeal is nullified even if it was filed before rather than after the motion to reconsider was filed. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam); *Muhammad v. DeRobertis*, 788 F.2d 1268, 1269 (7th Cir.1986). So if Gargano's motion to reconsider was a Rule 59(e) motion, it knocked out his notice of appeal and deprived us of appellate juris-

diction, at least over the denial of his motion under section 2255. We must therefore decide whether Gargano's motion for reconsideration satisfied the requirements of Rule 59(e) and, if so, whether Rule 59(e) motions are authorized in actions brought under section 2255.

■ a. A motion for reconsideration is a Rule 59(e) motion even where (as here) the motion neither cites the rule nor asks the court in so many words to alter or amend its judgment (the language of Rule 59(e)); for "all substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59," *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). By substantive motion we mean one that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something. See *id.* at 347; *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.*, 705 F.2d 249, 250 (7th Cir. 1983) (per curiam).

■ b. Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that procedural matters not covered by those rules (and this is one of those matters) shall be governed by either the civil or criminal rules—"whichever [the district court] deems appropriate." Since the criminal rules make no provision for motions to reconsider, yet (as we are about to see) the propriety of such motions in criminal as in civil cases is established, we hold that district courts should apply Rule 59(e) to motions to reconsider section 2255 orders.

■ 2. The next question is the effect of Gargano's motion for reconsideration on the appeal from the denial of his motion under Rule 35. The procedure for handling Rule 35 motions is governed by the Federal Rules of Criminal Procedure, and although those rules contain no provision for motions to reconsider, the Supreme Court has held that a motion for reconsideration may be filed in a criminal case and that if filed within the time allowed for an appeal it

tolls the time for appealing, just like a timely motion under Rule 59(e). *United States v. Healy*, 376 U.S. 75, 77–80, 84 S.Ct. 553, 554–556, 11 L.Ed.2d 527 (1964); see also *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) (per curiam); *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir.1985); cf. *In re X–Cel, Inc.*, 823 F.2d 192, 193 (7th Cir.1987). Gargano had 10 days to appeal from the denial of his Rule 35 motion, see Fed.R.App.P. 4(b), and he filed his motion for reconsideration within that time. Therefore the time for appeal was tolled.

■ 3. The final question is the effect on Gargano's Rule 35 appeal of his having filed the notice of appeal before the motion to reconsider was decided. In a civil case, as we have said, the effect would be to deprive the appellate court of jurisdiction; the appeal would be premature. But since the criminal rules are silent on motions for reconsideration, one is not surprised to find that the Federal Rules of Appellate Procedure make no express provision for the situation where a notice of appeal is filed in a criminal case before a timely motion to reconsider the judgment (in this case the judgment denying Gargano's Rule 35 motion) is acted on. As in the *X–Cel* case, which involved a parallel gap in the provisions for appeal of bankruptcy orders where a motion for reconsideration is pending, what is required is some judicious judicial interpolating.

We think the pendency of a motion for reconsideration should knock out the appeal, just as in the civil and bankruptcy settings. It would be a waste of everyone's time for this court to be considering an appeal that might soon be mooted by the district court's action on a motion to reconsider its judgment; yet we could not simply sit on the appeal until the district court acted on the motion, for a court has no jurisdiction to revise its judgment while that judgment is on appeal, and so the district court could not act. *In re X–Cel, Inc., supra*, at 193. The choice is between treating the notice of appeal as commencing a valid appeal, which therefore bars the

district judge from acting on the motion to reconsider, and treating the notice of appeal as being nullified by that motion, which allows the district judge to act on it and postpones the time for appeal until after he does so. The second approach makes more sense and we adopt it for this circuit, as we did in the *X–Cel* case for motions for rehearing in bankruptcy cases. We hold that the filing of a motion to reconsider the denial of a Rule 35 motion nullifies a notice of appeal filed before the motion to reconsider is decided.

Since Gargano's motion for reconsideration rendered the notice of appeal from both the section 2255 and Rule 35 rulings a nullity, the appeal is DISMISSED. We remind Gargano that if and when his motion to reconsider is denied, he will have to file a new notice of appeal if he wants to appeal from the denial of the motion or from the original judgment (or from both). The first notice of appeal was not merely suspended when he filed his motion to reconsider; it lapsed. See *Averhart v. Arrendondo*, 773 F.2d 919 (7th Cir.1985); *Muhammad v. DeRobertis, supra.*