908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron B. SCRUGGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-2630.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1990.*
Decided July 17, 1990.
 
 Before HARLINGTON WOOD, JR., JOHN L. COFFEY, and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Aaron B. Scruggs filed a habeas corpus petition under 28 U.S.C. Sec. 2255, challenging his conviction for distribution of heroin. The district court later granted Scruggs' motion to convert his petition into a petition for a Writ of Error Coram Nobis, because Scruggs' sentence on the federal sentence had been served, and his allegation now was that the federal conviction had enhanced his current state sentence. Scruggs appeals the denial of his petition, claiming he should have been given an evidentiary hearing. The government questions our jurisdiction to hear Scruggs' appeal, and argues on the merits that no evidentiary hearing was required. For the reasons given below, we dismiss for lack of jurisdiction.
 
 
 2
 The relevant events in the district court were as follows:
 
 
 3
 Nov. Scruggs files a petition for expungement of his arrest records under
 23, FCR 7565 (1975 conviction for heroin distribution) and FCR 812
 1988: (1981 conviction for possession of a firearm).
Nov. Scruggs files a Sec. 2255 action attacking the federal heroin conviction.
 28, Sec. 2255 action docketed as F8800351 for statistical civil record
 1988: keeping purposes, but 7565 used for docketing entries thereafter.
Dec. 9, Scruggs files amendment to change Sec. 2255 action to coram nobis action.
 1988:
May 8, district court grants amendment making petition a coram nobis action,
 1989: and denies both petitions for expungement and the coram nobis
 petition, under order with docket number 7565. Order addresses each
 issue separately. Order entered on docket sheet May 9, 1990.
May 12, Scruggs files motion captioned under Fed.R.Civ.P. 59(e) to alter
 1989: judgment, claiming court could not issue one order combining the
 coram nobis action and the two expungement petitions.
May 22, district court enters order identical to May 8, 1989 order, but
 1989: docketed under 812 to cover the other expungement petition.
May 30, Scruggs files another Rule 59(e) motion to amend judgment, claiming
 1989: court must separate the coram nobis issue from the expungement issue
 and issue separate orders, claiming nothing was entered under
 F88351 for the coram nobis petition. Motion captioned and filed
 under 812.
June 1, district court denies May 30 motion, under order captioned as 812.
 1989: Order states that F88351 was never really used as a docket number,
 and both the coram nobis and the expungement of the arrest record in
 7565 were under docket entries for 7565.
June Scruggs files same 59(e) motion as on May 30.
 12,
 1989:
June district court denies motion.
 19,
 1989:
July 5, Scruggs files same Rule 59(e) motion as on May 30 and June 12.
 1989:
July district court states (in order filed under 7565 and 812) that even
 13, though not legally necessary, to clarify things for petitioner it
 1989: will reissue separate opinions in 7565 and 812 on this date, which
 only address the issues raised under that particular number.
 District court also warns Scruggs that any more filings will result
 in the imposition of Fed.R.Civ.P. 11 sanctions.
July district court issues order in 7565 which is identical to orders
 13, issued on May 8 and May 17, but which does not address the 812
 1989: expungement issue. (Presumably the court also issued an order in
 812 which does not address the 7565 expungement or the 7565 coram
 nobis).
Aug. 1, Scruggs files Notice of Appeal with prison officials from the "final
 1989: order" of July 13, 1989.
Aug. 2, district court dockets Notice of Appeal.
 1989:
 
 
 4
 Scruggs claims that the motions he filed captioned under Fed.R.Civ.P. 59(e) tolled the time for filing his Notice of Appeal until 60 days from July 13, 1990. We disagree. The motion Scruggs filed on May 12, 1989, was within the 10 day period for filing Rule 59(e) motions, and a timely Rule 59(e) motion tolls the finality of the judgment. Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986). However, only "substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." Id. (emphasis added). "By substantive motion we mean one that if granted would result in a substantive alteration in the judgment rather than just a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." U.S. v. Gargano, 826 F.2d 610, 611 (7th Cir.1987).
 
 
 5
 Scruggs' request in his May 12, 1989 motion (and for that matter in all of his subsequent motions) was essentially that the court remove from the order denying coram nobis relief the language regarding the denial of the two petitions for expungement. He thus was not asking the court to change or alter its coram nobis decision, but rather simply to remove portions of the order and place them in orders under other docket sheet numbers. Such a request addresses clerical changes and not the substance of the original decision. Cf. Marine Bank, Nat'l Ass'n v. Meat Counter, Inc., 826 F.2d 1577, 1579 (7th Cir.1987) (motion "requesting the court to reconsider its judgment in light of an affidavit directed at the heart of the case" was considered "substantive"); Daley, 799 F.2d at 347 (intervenor's motion that court make it a defendant and relieve other three intervenors from liability was more than a request for change in a clerical error and therefore was "substantive"). The limited relief that was eventually granted to Scruggs was indeed not under Rule 59(e), since his July 5, 1989 motion was filed well over 10 days from the date of the original May 9, 1989 judgment. Daley, 799 F.2d at 347-48 ("[t]he 10 days runs from the initial judgment, so later motions are not timely."). The only available remedy at that point was under Fed.R.Civ.P. 60(a); thus, if the court's action of reissuing separate opinions even could be viewed as granting the relief requested in Scruggs' motion, it could only be characterized as occurring under Rule 60(a). Indeed, the court itself in that July 13, 1989 order characterized Scruggs' grievance as based on "an administrative/clerical error".
 
 
 6
 Scruggs' May 12, 1989 motion therefore did not toll the time for filing an appeal, which began to run on May 9, 1989, the date of entry of the district court's denial of Scruggs' coram nobis petition. Scruggs had 60 days from May 9, 1989 to file his Notice of Appeal. Fed.R.App.P. 4(a)(1). Scruggs' August 1, 1989[1] Notice of Appeal was therefore untimely.
 
 
 7
 The district court's denial of Scruggs' petition for a writ of coram nobis is
 
 
 8
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Under Houston v. Lack, 487 U.S. 266, 276 (1988), a prisoner's Notice of Appeal is considered filed when he delivers it to prison officials for forwarding to the district court rather than when the district court dockets the notice