**Dorothy J. LISTENBEE, Plaintiff,**

v.

**CITY OF MILWAUKEE, and Milwaukee City Service Commission, Defendants.**

**No. Civ. A. 90–C–769.**

United States District Court, E.D. Wisconsin.

Dec. 27, 1990.

---

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

Mary M. Rukavina, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### FACTS

On July 30, 1990, plaintiff Dorothy J. Listenbee ("Listenbee") commenced a Title 42 U.S.C. § 1983 action against the defendants alleging that they had violated her federal constitutional right to due process when they suspended her from employment from July 7, 1987 to July 21, 1987, without a hearing (Complaint ¶¶ 7–14). Listenbee alleges that the defendants were acting under the color of state law when they suspended her and that the suspension deprived her of a property interest without due process (*Id.*). Listenbee requests this court to (1) order the defendants to restore the pay and benefits she lost during her suspension, (2) award her compensatory and punitive damages, and (3) award her full costs and attorney's fees.

On August 21, 1990, the defendants moved this court to dismiss Listenbee's complaint for failure to state a claim upon which relief can be granted. The defendants claim that their suspension of Listenbee did not deprive her of a property interest and that therefore her § 1983 claim must fail. Listenbee has opposed the defendants' motion. This court grants the defendants' motion and dismisses Listenbee's complaint.

### ANALYSIS

I. Standard of Review for Fed.R.Civ.P. 12(b)(6) Motion

The United States Supreme Court has repeatedly held that a federal district court should only grant a motion to dismiss on the pleading if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted)). In addition, the Supreme Court has stated that:

> The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter of for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. The plaintiff, however, is required to allege each of the essential elements of a claim in the complaint, and if any element is missing, then the complaint must be dismissed.

II. Due Process Clause of the Fourteenth Amendment

The Due Process Clause of the fourteenth amendment of the United States Constitution protects individuals from being deprived of life, liberty, or property

without due process of law. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). The threshold question under a due process claim is whether or not a plaintiff has been deprived of a liberty or property interest. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). The United States Supreme Court has held that:

> Property interests, of course, are not created by the Constitution. Rather, *they are created and their dimensions are defined* by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (emphasis added). Thus, in the present case the threshold question is whether or not a state law created a property interest which Listenbee was deprived of.

Listenbee argues that Wisconsin Statutes § 63.43 provides a county or city civil servant with a property right to perfectly continuous employment. The defendants disagree. The defendants claim that the property right to employment created in § 63.43 is limited by § 63.43(2) which provides that the county and city retain the right to suspend an employee once every six months for a period not to exceed fifteen (15) days.

█ First, this court finds that Wis. Stats. § 63.43 creates a property interest for a civil service employee in employment because it provides that "[n]o person or employe holding an office or position classified and graded under ss. 63.18 to 63.53 shall be removed, discharged or reduced, except for just cause which shall not be political or religious." [1] Wis.Stat. § 63.43(1); *See Cleveland Board of Edu-*

cation v. Loudermill, 470 U.S. 532, 538–39, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985).

Second, this court finds that the property interest created by § 63.43 is not a right to perfectly continuous employment. Section 63.43(2) explicitly limits the property right by stating:

> Nothing in ss. 63.18 to 63.53 shall limit the power of an officer to suspend a subordinate for a reasonable period not exceeding 15 days. In case an employe is again suspended within 6 months for any period whatever, the employe so suspended shall have the right of hearing or investigation by the commission on the second suspension or any subsequent suspension with the period, the same as provided in this section.

Thus, Wisconsin state law provides a county or city civil servant with a property right to employment, but this right is substantively limited by the county or city's right to suspend the employee for up to fifteen (15) days during a six (6) month period.

Listenbee argues that the defendants' and this court's interpretation of § 63.43 was rejected by the Supreme Court in *Cleveland Board of Education v. Loudermill.* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In *Loudermill,* the plaintiff brought a § 1983 action against the defendants for terminating his employment without providing him with a pre-termination opportunity to respond to the allegations causing his dismissal. *Id.*

The Court first upheld the lower court's ruling that Ohio state law provided the plaintiff with a property right to continued employment because the Ohio statute stated that civil service employees can only be terminated for good cause. *Id.* at 538–39, 105 S.Ct. at 1491. The Court then considered the defendants' argument that the employees' property right was defined by and conditioned on the legislator's choice of procedures for its deprivation. The Court rejected the defendants' argument that the procedures for deprivation defined the breadth of the property right and held:

---

**1.** The parties agree that Listenbee is an employee of the City of Milwaukee and that she holds an office or position classified and graded un-

der §§ 63.18 to 63.53 (Complaint ¶¶ 2, 5; Aug. 21, 1990 Brief in Support Motion to Dismiss at 3–4).

"Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process "is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1493 (brackets in original) (quoting *Arnett v. Kennedy*, 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15 (1974)).

The present case, however, is distinguishable from *Loudermill*. Unlike the Ohio statute in *Loudermill*, Wis.Stat. § 63.43(2) is a substantive, not a procedural, limitation on the property right which the state legislator has provided to civil service employees. Section 63.43(2) is a substantive limitation because it explicitly refers to suspending employees, whereas § 63.43(1) refers to removing, discharging, or reducing employees. In addition, further evidence that § 63.43(2) is a substantive limitation is that the procedures for removing, discharging, or reducing an employee are set forth in § 63.43(1), *not* in § 63.43(2). Thus, this court concludes that § 63.43(2) is a substantive limitation on a civil service employee's property right to continuous employment. In addition, this substantive limitation forces this court to conclude that a civil service employee in Wisconsin has no property right to employment free of suspensions.

Listenbee has not claimed that she has been removed, discharged, or reduced from her position, but instead alleges that she was suspended for fourteen days without pay (Complaint ¶ 7). As noted above, however, Listenbee has no property right to continuous employment free from suspension. Thus, Listenbee has failed to allege that she has been deprived of a property interest, and her complaint must be dismissed for failure to state a claim upon which relief can be granted.

The Seventh Circuit Court of Appeals has held:

It is well settled in this circuit that a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). Similarly, the dismissal of the complaint is not a final appealable order. When the original complaint alone is dismissed, the litigation has not been terminated and the plaintiff still retains his right to amend once as a matter of course under Rule 15(a).

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984) (citations omitted). Thus, Listenbee has the right to amend her complaint once as a matter of course even though this court dismisses her complaint.

In the present case, however, the facts alleged in the complaint create the appearance that Listenbee will be unable to cure the complaint's defect. Thus, although this court grants Listenbee twenty (20) days to amend her complaint, this court will automatically dismiss the entire action and enter judgment against Listenbee if an amended complaint is not received within this time period.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss is GRANTED and plaintiff Dorothy J. Listenbee's complaint is DISMISSED.

IT IS FURTHER ORDERED that plaintiff Dorothy J. Listenbee has twenty (20) days from the date of this order to file an amended complaint with this court.

IT IS FURTHER ORDERED that if plaintiff Dorothy J. Listenbee does not file an amended complaint on or before twenty (20) days from the date of this order, then this action will automatically be DISMISSED and judgement entered against Listenbee.