**Dorothy J. LISTENBEE,**
**Plaintiff–Appellant,**

v.

**CITY OF MILWAUKEE and Milwaukee City Service Commission, Defendants–Appellees.**

No. 91–2097.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1992.
Decided Sept. 28, 1992.

Arthur Heitzer, Kurt C. Kobelt (argued), Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, Wis., for plaintiff-appellant.

Grant F. Langley, Rudolph M. Konrad (argued), Mary M. Rukavina, Office of the City Atty., Milwaukee, Wis., defendants-appellees.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and SHADUR, District Judge.*

CUMMINGS, Circuit Judge.

Dorothy J. Listenbee, a personnel analyst in the classified service of the City of Milwaukee, was suspended without pay for a period of ten days during July of 1987. Listenbee requested a hearing from the Milwaukee City Service Commission ("the Commission"), the administrative agency responsible for resolving personnel disputes involving City of Milwaukee civil service employees. The Commission advised Listenbee that under Wis.Stat. § 63.43, it would not afford her a hearing since she had been suspended for a period of less than fifteen days and since she had not been previously suspended within the preceding six months.

Listenbee filed suit against the City of Milwaukee and the Commission pursuant to 42 U.S.C. § 1983. Although Listenbee agrees that her suspension lasted for less than fifteen days and that neither of her previous suspensions had occurred within the preceding six months, she nonetheless claims that she possesses a right to a hearing by the Commission under the Due Process Clause of the United States Constitution. For the deprivation of this alleged right, Listenbee seeks compensatory and punitive damages including lost pay, benefits, and attorney's fees. She also seeks injunctive relief requiring the Commission to provide evidentiary hearings to future suspended employees.

Senior District Judge John Reynolds held that Listenbee did not have a property interest in continuous employment, and that she therefore had no right to a hearing regarding her suspension. He dismissed the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The court entered this judgment for the defendants on February 19, 1991.

Due to some apparent communication failure, the plaintiff's attorney stated, by way of an affidavit, that he did not learn of the judgment until April 10, 1991. Thus on April 11, 1991, at the plaintiff's request, the district court granted plaintiff an extension of time in which to file her notice of appeal. That court permitted a 30–day extension of time under Fed.R.App.P. 4(a)(5). Plaintiff filed a formal notice of appeal on May 10, 1991, one day preceding the May 11, 1991, deadline set by the court.

## I. JURISDICTION

Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that notice of appeal in a civil case be filed in the district court within thirty days of the entry of the judgment being appealed. In this case, plaintiff did not file her notice of appeal within the thirty days provided for appeals as of right because she had not received notice that the district court's judgment had been entered against her. Current Rule 4(a)(6) of the Federal Rules of Appellate Procedure explicitly provides for a situation in which a party does not receive notice of a judgment. However, the perti-

* The Honorable Milton I. Shadur of the United States District Court for the Northern District of Illinois, sitting by designation, took senior status on June 25, 1992, which was after oral argument.

nent portion of that rule was only recently added. At the time of this case, Rule 4(a)(5) governed such situations.

Under Rule 4(a)(5), the district court may extend the date required for filing a notice of appeal "upon a showing of excusable neglect or good cause," as long as a motion to extend the filing date is made within sixty days of the entry of judgment. Here Listenbee requested an extension of time on April 11, more than thirty but less than sixty days after the judgment was entered. On April 15, the district court granted plaintiff's timely filed motion and told plaintiff that it had granted her an additional thirty days in which to file her notice of appeal—until May 11, 1991. Plaintiff complied with that deadline by filing her formal notice of appeal on May 10, 1991.

However, under Rule 4(a)(5), the district court should only have extended plaintiff's filing deadline until April 25, 1991, not May 10, 1991. The Rule itself states:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. *No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later* (emphasis added).

It appears that the district court read "30 days past such prescribed time" to mean thirty days past the filing of a motion to extend the time for filing a notice of appeal, rather than as thirty days past the more limited thirty-day time period for filing appeals as of right. Such a reading, though incorrect, is understandable due to the awkward wording of the rule. This Court has noted that the time limits in Rule 4(a)(5) "have often tripped up experienced federal practitioners." *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 183 (1984).

Plaintiff contends that because she relied on the district court's extension until May 11, 1991, and would otherwise have timely filed her notice of appeal before April 25, 1991, her May 10 notice of appeal should be considered timely filed. This Circuit, as well as the Supreme Court, has recognized a limited exception to filing requirements where the litigant relied on a district court's error. See, *e.g.*, *Bernstein*, 738 F.2d at 182–183; *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404. But we need not confront the thorny questions posed by that doctrine, which has divided this Court before, *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557 (7th Cir. 1990) (en banc), since a recent Supreme Court case permits jurisdiction on other grounds.

In *Smith v. Barry*, —— U.S. ——, ——, 112 S.Ct. 678, 682, 116 L.Ed.2d 678, the Supreme Court held that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith* rejected a formalistic approach to determining what constitutes a notice of appeal and instead opted for a liberal construction of the requirements of Rule 3. Thus the Court decided that an inmate's informal *pro se* brief could act as the functional equivalent of a notice of appeal as long as it conveyed information adequate to afford notice to the other party. *Id.* (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285).

In this case, plaintiff's April 11 motion for an extension of time, filed within the time constraints of an approved Rule 4(a)(5) motion, qualifies as a notice of appeal under *Smith*. That April 11 motion specified the party taking the appeal, the order appealed from, and the court in which the appeal was to be taken. Moreover, the defendant was served with a copy of the filing, and the motion was succeeded by a subsequent formal notice of appeal. Therefore, we conclude that the motion requesting an extension of time in which to file an appeal notified the defendants of

plaintiff's intent to appeal the judgment, and consequently was a document which acted as a notice of appeal under the reasoning of *Smith.*

## II. ANALYSIS

Listenbee claims that the City of Milwaukee's decision to suspend her for ten days without a pre- or post-termination hearing deprived her of her constitutional right to due process of law. As the Supreme Court stated in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, a court confronting a procedural due process question must make two separate inquiries. First, the court determines whether the plaintiff possesses a protected life, liberty or property interest as a matter of substantive law. If that first inquiry yields an affirmative response, the court proceeds with a second inquiry— what process is due before the plaintiff can be deprived of that protected entitlement? Thus we first determine the nature of Listenbee's interest.

### A. Property Interest

The existence of a substantive property interest in state employment is ordinarily a question of state law. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.[1] When called upon to decide the question whether an employee possesses a state law property interest in employment, Wisconsin courts have generally resolved the matter by providing a simple yes or no answer based on whether the employment is at-will or for cause. For example, in *Vorwald v. School Dist. of River Falls,* 167 Wis.2d 549, 482 N.W.2d 93 (1992), the Wisconsin Supreme Court held that because a school custodian was an at-will employee, he had no property interest in his continued employment. The *Vorwald* court stated that "[a]bsent civil service regulations or laws * * * a municipal employee is an employee at will and has no property interest in employment. *Castelaz v.*

*Milwaukee,* 94 Wis.2d 513, 520, 289 N.W.2d 259 (1980); *Adamczyk v. Caledonia,* 52 Wis.2d 270, 273–274, 190 N.W.2d 137 (1971); accord *Amendola v. Schliewe,* 732 F.2d 79, 83 (7th Cir.1984); compare *Hough v. Dane County,* 157 Wis.2d 32, 40–42, 458 N.W.2d 543 (Ct.App.1990)." Accordingly, Wisconsin courts have also held that "[t]he rights of an employee terminable only for cause are considered property rights." *Dane County v. McCartney,* 166 Wis.2d 956, 480 N.W.2d 830 (Ct.App.1992); see also *Hanson v. Madison Service Corp.,* 150 Wis.2d 828, 443 N.W.2d 315, 317 (Ct. App.1989).

 It is clear, then, that under Wisconsin law an employee terminable only for cause has a protected property interest in her employment. See, *e.g., Vorwald,* 482 N.W.2d at 96; *Oddsen v. Board of Fire and Police Com'rs,* 108 Wis.2d 143, 321 N.W.2d 161 (1982). What is not clear is the scope of that property interest. As a member of the classified civil service of the City of Milwaukee, Listenbee's property interest is defined by Wis.Stat. § 63.43, which reads in relevant part:

**63.43 Removals for just cause only; reasons to be furnished in writing; hearings; decisions.** (1) No person or employe holding an office or position classified and graded under ss. 63.18 to 63.53 shall be removed, discharged or *reduced,* except for just cause which shall not be political or religious * * * (2) * * * *Nothing* in ss. 63.18 to 63.53 shall limit the power of an officer to suspend a subordinate for a *reasonable* period not exceeding 15 days. In case an employe is again suspended within 6 months for any period whatever, the employe so suspended shall have the right of hearing or investigation by the commission on the second suspension or any subsequent suspension within the period, the same as provided in this section. (Emphasis added.)

---

1. Although Listenbee claims that her suspension occurred because of statements that she made to the Equal Employment Opportunity Commission, Listenbee has not argued, and thus we do not address, whether she possesses a First

Amendment liberty interest not to be suspended based on statements made on a matter of public concern. See, *e.g., Hanneman v. Breier,* 528 F.2d 750 (7th Cir.1976); *Berndt v. Jacobi,* 781 F.Supp. 553 (N.D.Ill.1991).

While both parties agree that the statute provides a property interest in employment, the City argues that the property interest in employment held by Listenbee and other Milwaukee civil service employees is not a right to perfectly continuous employment. According to the City's reading of Wis.Stat. § 63.43, that statute grants a substantive property interest not to be removed, discharged or reduced except for just cause, but permits employees to be suspended for any reason.

The plaintiff, on the other hand, asserts that when the statute grants civil service employees a substantive right not to be removed, discharged or reduced except for just cause, the statute implicitly grants the right not to be suspended without cause. Under the plaintiff's theory, the statute accords a substantive entitlement to continuous employment, but then unconstitutionally denies any procedural recourse to employees who have been deprived of their statutory entitlement to employment for less than fifteen days, once in a six-month period.

■ Our analysis begins with the recognition that once a local government grants a substantive property interest, it may not deprive an individual of that interest without due process. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. The local government may define the property right, but it may not define the minimum constitutional requirements of due process. "While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate proce-

dural safeguards." *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1493.

■ Just as a local government may not define the minimum constitutional requirements of due process, it may not define the scope of a property right by reference to the procedures provided for the right's deprivation. The Supreme Court explicitly rejected this "bitter with the sweet" approach from *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (plurality opinion). *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1493. Accordingly, the procedural portion of Wis.Stat. § 63.43(2), which states that the suspended employee "shall have the right of hearing or investigation by the commission" only for suspensions of more than fifteen days or for suspensions which occur more than once within a six-month period, cannot limit or define an employee's substantive entitlement. In order to ensure the continued viability of the constitutional right of procedural due process, the Supreme Court has emphatically stated that "[t]he categories of substance and procedure are distinct." *Id.*[2]

■ The important question raised in this case, then, is whether the statute, irrespective of its procedural provisions, grants employees a substantive property interest not to be suspended. The district court ultimately accepted the defendant's argument that Section 63.43(2) does not provide a substantive property interest with respect to suspension, but rather permits civil servants to be suspended for any reason. Because Section 63.43 states that a civil servant may be "removed, discharged or reduced" for cause, but does not state that "suspensions" must be for cause, the dis-

2. The rationale behind the substance/procedure separation is that "[w]ere the rule otherwise, the Clause would be reduced to a mere tautology." *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1493; see also *Woods v. Michigan City*, 940 F.2d 275, 284 (7th Cir.1991). But to the extent that a state can redefine a civil servant's property interest as something less than a full interest in continuous employment and include a measure of random government action, the due process clause may likewise be subverted. For example, a state may choose to provide welfare recipients with an entitlement to $6,000 in benefits per year or it may choose a lesser sum such as $5,000 per

year. It is troubling to imagine, however, that the state could choose to grant welfare recipients $6,000 in welfare benefits per year, terminable only for cause, but suspendible for one month every six months for any reason and without a hearing. That type of property interest definition would avert the basic principle in *Londoner v. Denver*, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103, and *Bi–Metallic Co. v. Colorado State Bd. of Equalization*, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372, that government need not grant a hearing for quasi-legislative actions, but must accord a hearing when it acts in individual cases as a quasi-judiciary.

trict court concluded that "a civil service employee in Wisconsin has no property right to employment free of suspensions." Decision and Order of Judge Reynolds, December 27, 1990, 753 F.Supp. 780, 783.

We agree that the district court's logic is persuasive in light of the structure of the statute. The statute does not include "suspensions" in the list of employment actions requiring cause, and later specifically mentions that *nothing* shall limit the City's ability to subject employees to short-term suspensions. The district court's rationale is also sensible in light of the common-sense notion that a state might justifiably distinguish between permanent employment actions such as termination, and temporary employment decisions such as suspensions.

A state creates protected liberty or property interests by "placing substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813. The portion of Section 63.43(2) at issue states that "Nothing in ss. 63.18 to 63.53 shall limit the power of an officer to suspend a subordinate for a reasonable period not exceeding 15 days." The plaintiff has a tenable argument that the statute creates a property interest regarding suspensions. The statute does not state that the employee can be suspended "for any reason" and the statutory term "reasonable" appears to provide substantive limits on the City's ability to suspend civil servants. The state's statutory right to suspend employees for a "reasonable period" could be considered to contain an implicit promise that the employee will only be suspended for reasonable cause since even a one-day suspension is an unreasonable period if the suspension is without cause. Moreover, if an employee's primary property entitlement in employment is an entitlement to a stream of financial payments, a property interest in the whole of an employee's salary may necessarily imply an interest in continuous salary payments.

Of course, a Wisconsin state court could interpret this statute in the manner plaintiff suggests to provide a property interest in continuous employment. See *Loudermill*, 470 U.S. at 539, 105 S.Ct. at 1491; *Smith v. Eaton*, 910 F.2d 1469, 1471–1472 n. 4 (7th Cir.1990), certiorari denied, — U.S. —, 111 S.Ct. 1587, 113 L.Ed.2d 651; *Bailey v. Kirk*, 777 F.2d 567, 575 (10th Cir.1985); *Best v. Boswell*, 696 F.2d 1282, 1289–1290 (11th Cir.1983), certiorari denied, *Best v. Eagerton*, 464 U.S. 828, 104 S.Ct. 103, 78 L.Ed.2d 107; *D'Acquisto v. Washington*, 640 F.Supp. 594, 607 (N.D.Ill.1986); *Murphy v. Wack*, 1991 W.L. 64193 at 6, 11 (S.D.N.Y.1991). In fact, in *Muscare v. Quinn*, 520 F.2d 1212 (7th Cir.1975), rehearing denied, 520 F.2d at 1216–1217, certiorari dismissed as improvidently granted, 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 this Circuit reached such a conclusion. In that case, when faced with a nearly identical state statute, this Court concluded that "[p]ublic employees facing temporary suspension for less than 30 days have interests qualifying for protection under the due process clause." *Id.* at 1215.

However, recent cases from the Supreme Court and this Circuit counsel that the existence of a property interest depends upon " 'explicitly mandatory language,' in connection with the establishment of 'specified substantive predicates' to limit discretion." *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460–463, 109 S.Ct. 1904, 1908–10, 104 L.Ed.2d 506; *Wallace v. Robinson*, 940 F.2d 243 (7th Cir.1991) (en banc), certiorari denied, — U.S. —, 112 S.Ct. 1563, 118 L.Ed.2d 210. Those cases hold that restrictions such as reasonableness do not qualify as the type of "explicitly mandatory language" that creates a property interest. In view of these cases, *Muscare* is no longer dispositive on the issue of property interests.[3] Absent guidance from Wisconsin's state courts, we must follow the current holdings of the Supreme Court and this Circuit when defining the nature of Listenbee's state law entitlement. As such, we conclude that

---

**3.** Because this opinion overrules *Muscare v. Quinn*, 520 F.2d 1212 (7th Cir.1975), it has been circulated among all judges of this Court in regular active service pursuant to Rule 40(f). None voted to hear the case en banc.

even though Listenbee had a property right in continued employment, she does not possess a property interest in continuous employment.

The judgment of the district court is affirmed.