4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darris A. CRENSHAW, Plaintiff-Appellant,
v.
Billy HAYES, Psych Attendant, Thomas Richards,
Superintendent and Anthony Pazzara, G.S.C.
Director, Defendants-Appellees.
 No. 92-1267.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided Aug. 24, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Darris A. Crenshaw is a mentally ill inmate housed in the psychiatric unit of the Westville Correctional Center (WCC). Crenshaw filed a civil rights suit under 42 U.S.C. Sec. 1983 against William Hayes, a Special Attendant at the WCC, claiming that Hayes beat him unconscious after a dispute over a card game.[1] The district court granted summary judgment in favor of Hayes, and Crenshaw appeals.
 
 I.
 
 2
 We first address Hayes' argument that we lack jurisdiction to consider this appeal. To do so requires that we examine the procedural history of this case. The district court issued a judgment granting summary judgment to Hayes on November 7, 1991. R. 40. In cases such as this where the United States government is not a party, Rule 4(a)(1) of the Federal Rules of Appellate Procedure affords a party 30 days after entry of judgment in which to file a notice of appeal. However, because December 7 fell on a Saturday, Crenshaw had up to and including the next Monday, which was December 9, in which to file a notice of appeal. Fed.R.App.P. 26(a). Crenshaw did not file a notice of appeal at that time, but he did file a motion for enlargement of time to file an appeal.[2] R. 41. This motion was timely filed. Fed.R.App.P. 4(a)(5). Having received no ruling from the district court, Crenshaw filed another motion for enlargement of time on January 3, 1992. R. 42. On January 8, the district court issued an order granting Crenshaw's motion for enlargement of time. The order provided that Crenshaw would have up to and including January 31, 1992, in which to file a notice of appeal. R. 43. Crenshaw eventually filed a notice of appeal on January 30, one day before the court's deadline. R. 44.
 
 
 3
 Appellate Rule 4(a)(5) provides a district court with limited authority to extend the time for filing a notice of appeal. Rule 4(a)(5) provides in part:
 
 
 4
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 5
 The last quoted sentence of Rule 4(a)(5) establishes an outer time limit beyond which an extension to file a notice of appeal may not be granted. An extension entitles a party to file a notice of appeal until the later of (1) 30 days after the original period for filing a notice of appeal (which in this case was also 30 days), or (2) 10 days after the district court's order granting an enlargement of time.
 
 
 6
 Applying Rule 4(a)(5), we determine that, because the district court ruled on Crenshaw's motion for enlargement of time more than 60 days after entry of judgment, the court was limited to granting an additional 10 days in which to file a notice of appeal. The court granted the extension on January 8. Therefore, it could extend the deadline until only January 18. The notice of appeal Crenshaw filed on January 30 was therefore untimely. When the district court granted Crenshaw's motion, it simply had no power to extend the time for filing a notice of appeal more than 10 days from its order.
 
 
 7
 Nevertheless, we conclude that, based on a liberal construction of Crenshaw's pleadings, he has filed a valid notice of appeal. In Smith v. Barry, 112 S.Ct. 678 (1992), the Supreme Court held that "a document intended to serve as an appellate brief may qualify as the notice of appeal required by [Appellate] Rule 3." Id. at 680. According to the Court, the focus must be on whether the document in question provided the notice required by Rule 3. Id. at 682. In a case similar to Crenshaw's, we applied Barry to find that a motion for enlargement of time to file a notice of appeal was itself effective as a notice of appeal. Listenbee v. City of Milwaukee, 976 F.2d 348, 350 (7th Cir.1992). We reasoned that the motion to enlarge time fulfilled all the notice requirements of Appellate Rule 3 because the motion "specified the party taking the appeal, the order appealed from, and the court in which the appeal was to be taken." Id.
 
 
 8
 Crenshaw's motion for enlargement of time clearly specified the party taking the appeal and the order appealed from. Yet it is silent on the court to which the appeal is being taken. This silence might appear to doom Crenshaw's appeal, except for our decision in United States v. Musa, 946 F.2d 1297 (7th Cir.1991). In Musa, the notice of appeal specified the United States Court of Appeals for the Eighth Circuit rather than the United States Court of Appeals for the Seventh Circuit as the court to which the appeal was being taken. The panel concluded that, in light of the fact that the Seventh Circuit was the only court to which an appeal could be taken, the notice of appeal was valid because it gave fair notice to the opposition and the district court. Id. at 1301. The same reasoning applies in this case. Because the Seventh Circuit was the only court to which Crenshaw could appeal, Crenshaw's motion for enlargement of time provided the Indiana Attorney General and the district court with fair notice, which is the basic purpose of the notice of appeal. See Barry, 112 S.Ct. at 682. Thus, we construe that motion as a notice of appeal. Because the motion was filed on December 9, 1991, it was timely, and we therefore have jurisdiction to consider Crenshaw's appeal.
 
 II.
 
 9
 Crenshaw claims that Hayes used excessive force and thus inflicted cruel and unusual punishment upon Crenshaw in violation of the Eighth Amendment (which has been applied to the States by the Fourteenth Amendment, see Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991)). In this type of claim, the Supreme Court has stated that "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Husdon v. McMillian, 112 S.Ct. 995, 999 (1992).
 
 
 10
 Both Hayes and Crenshaw filed affidavits in support of their respective positions on the summary judgment motion. According to Hayes' affidavit, Crenshaw, who was ill-tempered on the day in question, began harassing an inmate to whom Hayes was talking. Fearing that a fight might erupt, Hayes stepped in to prevent a fight. Crenshaw then turned upon Hayes and started arguing with him. Despite a warning from Hayes that he would be placed in restraints, Crenshaw became even louder and more aggressive. At this point, Hayes believed that Crenshaw was going to attack him, and as Hayes got up to get a restraint, Crenshaw grabbed him. They both fell onto a bed, then rolled onto the floor. Crenshaw hit his head as they were falling. As a result, Crenshaw received some injuries, including swelling of his face and lip. See R. 35, Hayes' affidavit.
 
 
 11
 Crenshaw's affidavit paints a far different picture. He claims that he, Hayes, and two others were playing cards. At the time, Crenshaw was "very sedated" on Haldol. Hayes called Crenshaw a "punk" and a "mother fucker." Crenshaw replied by calling Hayes' mother these same names. At that time, Hayes attacked Crenshaw. He "jumped on me, chocked [sic] me and punched me very hard for about two or three minutes. I lose [sic] consciousness momentarirly [sic] and when I came out Mr. Hayes was still punching on my face while I was on the floor. Mr. Carl Yanderis came and took Mr. Hayes of [sic] me." R. 36, Crenshaw affidavit, at 2. Crenshaw maintains that he was not physically aggressive toward Hayes during the whole incident. He claims that the beating resulted in his suffering "contusions, loosened teeth, swolen [sic] and split lips," as well as his being "badly bruised about the head and body." Id.
 
 
 12
 In granting Hayes' motion for summary judgment, the district court acknowledged that both parties filed affidavits. However, despite the sharply contrasting accounts portrayed in the affidavits, the court did not discuss whether they created a genuine issue of material fact under Federal Rule of Civil Procedure 56. Rather, the court simply concluded that Hayes was entitled to summary judgment, citing Whitley v. Albers, 475 U.S. 312 (1986), McGill v. Duckworth, 944 F.2d 344 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992), and Salazar v. City of Chicago, 940 F.2d 233 (7th Cir.1991). R. 39.
 
 
 13
 We review de novo the district court's grant of summary judgment. Knox v. McGinnis, No. 91-3527, 1993 WL 269694, at * 3, 1993 U.S.App. LEXIS 18567, at * 9 (7th Cir. July 20, 1993). Summary judgment is proper
 
 
 14
 if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 
 15
 Fed.R.Civ.P. 56(c). Although both parties submitted affidavits, Hayes argues that the district court properly disregarded Crenshaw's affidavit, in which Crenshaw states that he is "mentally ill." According to Hayes, "Crenshaw's own affidavit suggests that he is incompetent to offer evidence." Hayes' Br. 21. Civil Rule 56(e) provides: "[s]upporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The issue therefore is whether Crenshaw's affidavit is competent evidence.
 
 
 16
 In his affidavit, Crenshaw states, "I can competently testify to the matter stated in this affidavit." On the other hand, in the next numbered paragraph, he states, "I am [a] mentally-ill offender housed on the psychiatric unit at WCC." A mental illness does not automatically render a person incompetent to testify. See United States v. Gutman, 725 F.2d 417, 420 (7th Cir.), cert. denied, 469 U.S. 880 (1984); In re Penn, 443 F.2d 663, 666 (D.C.Cir.1970). Neither Crenshaw's affidavit nor any other document in the record provides any clue as to the nature of Crenshaw's mental illness. Moreover, Crenshaw affirmatively stated in his affidavit that he was competent to testify. In light of the presumption of competency, see Fed.R.Evid. 601, we conclude that Crenshaw's affidavit was competent evidence to be considered in deciding Hayes' motion for summary judgment.
 
 
 17
 Given the factual assertions in Crenshaw's affidavit, we believe that there are genuine issues of material fact yet to be resolved. According to Crenshaw, Hayes attacked him even though Crenshaw was sedated and not in any way physically aggressive toward Hayes. In addition, Hayes continued to beat Crenshaw even after Crenshaw lost consciousness. Hayes, of course, denies these allegations, and claims that he used minimal force in order to prevent an eruption of violence. The factual dispute is material because it is outcome determinative under the substantive standard described in Hudson, 112 S.Ct. at 999, and it is genuine because it is possible that a reasonable jury could believe Crenshaw's version of events. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Therefore, we vacate the judgment of the district court and remand this case for further proceedings.
 
 III.
 
 18
 Crenshaw also challenges the district court's failure to appoint counsel on his behalf. Crenshaw requested the appointment of counsel four times: first and second, in two motions for extensions of time in which to file a response to the motion to dismiss filed by defendants Richards and Pazzara; third, in a motion pursuant to 28 U.S.C. Sec. 1915 filed August 5, 1991; and fourth, in his September 12, 1991, response to Hayes' motion for summary judgment. See R. 15, 18, 28, 36. The district court did not rule on any of these requests.[3]
 
 
 19
 Indigent civil litigants such as Crenshaw have no constitutional or statutory right to counsel in federal court, though the district court may in its discretion request counsel to represent indigent civil litigants. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992); 28 U.S.C. Sec. 1915(d). This court has enumerated five factors that a district court should consider in ruling on a request for appointment of counsel. Maclin v. Freake, 650 F.2d 885, 887-88 (7th Cir.1981) (per curiam). Other factors may be considered if the circumstances warrant. Id. at 889. Essentially, the Maclin multifactorial approach boils down to the following inquiry: "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). A prerequisite to undertaking this inquiry, however, is that the party seeking appointment of counsel have made reasonable efforts to retain counsel. An indigent may be able to do so on a contingency fee basis if he or she has a meritorious claim. Jackson, 953 F.2d at 1072-73.
 
 
 20
 Although the district court should have ruled on Crenshaw's requests for appointment of counsel, we can decide the issue on appeal. Barnhill v. Doiron, 958 F.2d 200, 202 (7th Cir.1992). In this case, none of Crenshaw's requests for counsel indicates that he tried but failed to retain counsel. Thus, under Jackson, it would not be appropriate to appoint counsel for him now. If on remand Crenshaw renews his request for appointment of counsel and represents to the district court that he has tried to obtain counsel then the district court should give his request due consideration under Farmer, 990 F.2d at 321-22, Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir.), cert. denied, 464 U.S. 986 (1983), and Maclin, 650 F.2d at 887-88.
 
 IV.
 
 21
 For the foregoing reasons, the judgment of the district court is VACATED. The request for appointment of counsel is DENIED without prejudice to Crenshaw's ability to renew the request upon a showing that he has made reasonable efforts to obtain counsel. The case is REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed a statement requesting oral argument. After considering that statement, the briefs, and the record, the request is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 Crenshaw also named as defendants two of Hayes' superiors, Thomas Richards and Anthony Pazzara. However, the district court dismissed these two defendants because they had no involvement in the alleged beating, either personally or by virtue of custom, policy, or practice. R. 20. On appeal, Crenshaw does not challenge their dismissal
 
 
 [2]
 Alternatively, the motion also sought to correct the judgment or to obtain relief from the judgment. R. 41. A timely motion to correct a judgment under Civil Rule 59(e) would toll the 30-day period for filing a notice of appeal provided in Appellate Rule 4(a)(1). Fed.R.App.P. 4(a)(4). However, this motion, filed well over 30 days after entry of judgment, came too late to operate as a Rule 59(e) motion. To the extent the motion was substantive, it was a Civil Rule 60(b) motion for relief from judgment. United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir.1992) (substantive motions to alter or amend a judgment filed more than 10 days after entry of judgment are evaluated under Rule 60(b)). A Rule 60(b) motion, however, does not affect the time within which a party must file a notice of appeal. See id. at 302 & n. 4
 
 
 [3]
 In the second request for appointment of counsel, Crenshaw stated that the district court had appointed counsel for him but that he had not heard from the attorney. R. 18. There is no indication in the record that the district court ever appointed counsel for Crenshaw