32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas A.J. OPACHEN, Petitioner/Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent/Appellee.
 No. 93-2190.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 25, 1994.
 
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge.**
 ORDER
 On February 9, 1993, the district court dismissed Opachen's petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. Judgment pursuant to the order was entered on February 12th, and on February 18th, within 10 business days of entry of the judgment, Opachen served (by mail) on the respondents and filed with the district court a "motion for reconsideration." On February 22nd, Opachen filed a notice of appeal from the judgment (No. 93-1556 in this court). On March 3rd the district court denied the motion to reconsider on the ground that it was a Rule 60(b) motion and hence an inappropriate vehicle for rearguing the issues.
 On May 5th, this court found Opachen's motion for reconsideration to have been brought under Rule 59(e), see United States v. Deutsch, 981 F.2d 299 (7th Cir.1992), and accordingly, because the order denying reconsideration was entered after the notice of appeal, this court dismissed Opachen's appeal (No. 93-1556). See United States v. Gargano, 826 F.2d 610, 611 (7th Cir.1987) (filing of a motion under Rule 59(e) tolls the time for appealing from the judgment until the motion is decided and nullifies any notice of appeal filed prior to that decision); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). However, Opachen's Rule 3(c) jurisdictional statement filed on March 29th was construed as a notice of appeal, timely because it was filed within 30 days of the date of the district court order denying reconsideration. See Smith v. Barry, 112 S.Ct. 678, 682 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); Listenbee v. City of Milwaukee, 976 F.2d 348 (7th Cir.1992) (motion to extend time treated as notice of appeal).
 The district court, inadvertently counting from the date that the court signed the final order, not the docketing date, considered Opachen's motion under the more stringent requirements of Rule 60(b). Opachen does not contend that he is entitled to relief from the judgment because of mistake, inadvertence, surprise, excusable neglect, fraud, or newly discovered evidence. See Fed.R.Civ.P. 60(b)(1)-(3). Accordingly, the district court summarily dismissed the motion.
 "A motion under Rule 60(b) seeks an extraordinary remedy," see Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 683 (7th Cir.), cert. denied, 464 U.S. 1009 (1983), that is "granted only in exceptional circumstances," see C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1204-05 (7th Cir.1984). A Rule 59(e) motion, however, may be "used to ask a district court to reconsider its judgment and correct errors of law." A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Products Co., 705 F.2d 249, 250 (7th Cir.1983) (per curiam) (quoting United States Labor Party v. Oremus, 619 F.2d 683, 687 (7th Cir.1980)). A party does not have a right, under all circumstances, to have the more liberal standard of Rule 59(e) over the stringent standard of Rule 60(b) applied to his motion for reconsideration filed within ten days after the judgment dismissing the suit. Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir.1993). However, where, as here, the district court acted under a mistake of fact, believing that it could only consider Opachen's motion as a Rule 60(b) motion, we shall reverse the district court order dismissing Opachen's motion to reconsider and remand for consideration under Rule 59(e). See A.D. Weiss Lithograph Co., supra, 705 F.2d at 250 (reversing order of district court dismissing plaintiff's motion to reconsider and remanding for consideration of motion under Rule 59(e)); Gargano, supra, 826 F.2d at 612 (same).
 Opachen has highlighted, in a lengthy, fact-laden motion, what he construes as factual oversights and legal errors on the part of the district court. We decline to comment on the merits. Rather, by vacating the district court's order denying Opachen's motion for reconsideration and remanding for reconsideration under Rule 59(e), we shall allow the district court, which is more familiar with the facts and issues of Opachen's petition, to determine if, under the standard governing Rule 59 motions, the outcome of this case ought to be different.
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, Judge of the United States District Court for the Northern District of Indiana, is sitting by designation