**UNITED STATES of America,
Plaintiff,**

**v.**

**Sidney A. BRODSON, Defendant.**

**No. 74-Cr-98.**

United States District Court,
E. D. Wisconsin.

April 7, 1975.

Gregory Ward, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

James M. Shellow, Shellow & Shellow, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Between November, 1973, and January, 1974, the government was authorized to conduct certain electronic surveillances for the purpose of obtaining evidence of violations of 18 U.S.C. §§ 1955 and 371. See United States v. Brodson, et al., 390 F.Supp. 774 (E.D. Wis., case number 74–Cr–98, decided January 30, 1975). No authorization was sought or obtained at that time for surveillances as to any violation of 18 U.S.C. § 1084.

These "1955" wiretaps disclosed evidence of violations of 18 U.S.C. § 1084. The government presented this "1084" evidence to the grand jury which returned this indictment on July 10, 1974. However, it was not until March 3, 1975, one week before the scheduled commencement of the jury trial in this matter, that the government actually applied for authorization to disclose the evidence of § 1084 violations pursuant to 18 U.S. C. § 2517(5).

On March 10, 1975, I denied the government's disclosure authorization application, without prejudice, and ordered

the indictment dismissed. This matter is now before me on the government's motion to reconsider. The issues have been fully briefed. I conclude that the government's motion to reconsider should be denied.

Title 18 U.S.C. § 2517 is entitled "Authorization for disclosure and use of intercepted wire or oral communications" and provides in pertinent part:

"...

"(3) Any person who has received, by any means authorized by this chapter, any information concerning a wire or oral communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation *in any proceeding held under the authority of the United States* or of any State or political subdivision thereof.

"(4) . . .

"(5) When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized herein, intercepts wire or oral *communications relating to offenses other than those specified in the order of authorization or approval*, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in . . . subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. *Such application shall be made as soon as practicable.*" (emphasis added).

■ I am persuaded that a grand jury proceeding constitutes a "proceeding held under the authority of the United States" for purposes of § 2517, and that the application procedure is a central or functional safeguard in Title III's scheme to prevent abuses. See

United States v. Chun, 503 F.2d 533, 542 (9th Cir. 1974). The government points to caselaw which indicates that certain evidence can be disclosed to a grand jury or to a magistrate even though it could be suppressed or disallowed in adversary proceedings such as a trial.

In my opinion, the government has missed the point. By virtue of the provisions of the Omnibus Crime Control Act, it has at its disposal an alarming arsenal of sophisticated investigative techniques, including various types of electronic surveillance. Congress has entrusted to the federal courts the responsibility of protecting society from abuses in this regard by requiring such tribunals to authorize and to supervise the utilization of such techniques and their fruits.

■ The language of § 2517 is straightforward. It is designed to avoid electronic fishing expeditions and other abuses by requiring the prosecution to come forward with evidence of offenses other than those specified by the court in the original electronic surveillance authorization—but obtained pursuant thereto—"as soon as practicable." Subsection (3) provides a temporal reference point insofar as it refers to *"any proceeding held under the authority of the United States;"* in this way the court can evaluate the propriety of evidence of unspecified offenses *prior* to its use in *any* such proceeding.

■■ It should be noted that I ordered this indictment dismissed because I concluded that a pre-grand jury proceeding disclosure authorization application was required in this case. In my judgment, the language "as soon as practicable" must be viewed in connection with the particular "proceeding held under the authority of the United States" which happens to be imminent. For example, where a grand jury indicts a defendant for offense A, the government then conducts an authorized electronic surveillance in connection with the investigation of offense B and, while so engaged obtains evidence of the de-

fendant's involvement in crime A, a pretrial, as opposed to a pre-grand jury disclosure authorization application could be timely. For purposes of § 2517, the important thing is that the court is afforded an opportunity to evaluate such evidence prior to its use in "any proceeding held under the authority of the United States." Only through strict adherence to the requirements of § 2517 can the court's supervisory role in this sensitive area remain effective.

Therefore, it is ordered that the government's motion to reconsider be and hereby is denied.