**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Sidney A. BRODSON, Defendant-Appellee.**

No. 75–1452.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 20, 1975.

Decided Dec. 15, 1975.

Rehearing and Rehearing En Banc Denied March 3, 1976.

William J. Mulligan, U. S. Atty., Thomas E. Brown, Milwaukee, Wis., Gregory H. Ward, Peter F. Vaira, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellant.

James M. Shellow, Stephen M. Glynn, Milwaukee, Wis., for defendant-appellee.

Before CLARK, Associate Justice (Retired),* CASTLE, Senior Circuit Judge, and SWYGERT, Circuit Judge.

CLARK, Associate Justice.

This appeal questions the validity of the dismissal of Appellee-Brodson's indictment as the appropriate remedy for the Government's violation in this case of one of the wiretap provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2517(5). Section 2517(5) restricts the use of intercepted wire or oral communications concerning criminal activities not specified by the order of authorization or approval for the original wiretap. Unless a judge of competent jurisdiction finds upon timely and appropriate application by the Government, that the contents of the communications were otherwise intercepted in accordance with the wiretap statutes, the intercepted communications may not be used or disclosed.

The appellee, Sidney A. Brodson, and others not involved here, were charged with the transmission of wagers and wagering information in interstate commerce in violation of 18 U.S.C. § 1084. The evidence for that indictment was obtained through the interception of telephone conversations under an order that only authorized interceptions covering violations of 18 U.S.C. § 1955. Section 1955 prohibits the operation of an illegal gambling business in interstate commerce. The Government's application under § 2517(5) was not filed in this case until March 3, 1975, just prior to trial and some eight months after the indictment was returned by the Grand Jury that considered the intercepted conversations. The district court denied the application, deciding that it came too late in view of § 2517(5)'s requirement that such application be made "as soon as practicable". Consequently the district court dismissed the indictment.

On appeal, the Government contends that the identical intercepted conversations which related to the Section 1955 violations also related to the Section 1084 violations. Thus, in the Government's view, it was not necessary to secure the court's approval to divulge the Section 1084 conversations to the Grand Jury since they were appropriately intercepted under the Section 1955 authorization. Further, the Government contends that the indictment was sufficient on its face and that the only available remedy for any possible Section 2517(5) violation would be the suppression of the conversations when offered at the trial on the merits. Finally, the Government claims that there was no Section 2517(5) violation because a grand jury hearing is not a proceeding within the meaning of Section 2517(5).

■ On the record here, we find no merit in any of these contentions. By inserting Section 2517(5) into the Act, the Congress obviously intended to require that the Government submit the tape of its wiretaps to a neutral judge so that he might determine whether the interceptions were the inadvertent product of a legitimately obtained wiretap or the electronic equivalent of the type of illegal evidence formerly obtained under the supposed authorization of a "general search warrant." Here, the Government's claim, that the authorizations applicable to the Section 1955 violations were also relevant to Section 1084 violations, should have been tested by submitting them to a judge in accordance with the rationale of Section 2517(5). This the Government failed to do within the time requirement of "as soon as practicable" that the Section specifies. Moreover, without submitting to the requirements of Section 2517(5), the Government disclosed the intercepted conversations to the Grand Jury.

Congress in Title III of the Omnibus Crime Control and Safe Streets Act prohibited the interception and disclosure of wire or oral communications, including the introduction into evidence of the same "in any trial, hearing, or other proceeding in or before any court, *grand*

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

*jury*, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof, if disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515 (emphasis supplied). However, believing that the interception and disclosure of wire or oral communications was in the public interest in a limited and highly restricted category of crimes, the Congress created a specific exception to this outright prohibition. It authorized the Attorney General of the United States, or any Assistant Attorney General specially designated by him, to make application to a Federal judge of competent jurisdiction for an order authorizing the interception of wire or oral communications by named government agencies where such interception may provide evidence of violations of certain specified crimes named in the Act. 18 U.S.C. § 2516. In the succeeding Section 2517 it authorized the disclosure and use of such interceptions in evidence, save and except where the intercepted communication relates to offenses *other* than those specified in the original order. In these latter situations, a second application was required to be made to a judge of competent jurisdiction for permission to disclose such evidence of other offenses. In the second application, the good faith of the original application would thus be tested.

■ The Government says that it was not obliged to make the application under Section 2517(5) because the evidence secured under the Section 1955 order and authorization and used in that prosecution applied equally as well to the Section 1084 prosecution. This is of no consequence here because the two offenses are wholly separate and distinct; they involve dissimilar elements and require different evidence, even though some of it might overlap because both concern illegal gambling. The controlling factor here, however, is not the dissimilarity of the offenses, but the fact that the Government itself has violated the key provision of the legislative scheme of

Section 2515, in that it did not comply with the mandate of Section 2517(5). The Act in Section 2515 condemned all wire or oral interceptions and prohibited their use in evidence where their disclosure was "in violation of this Chapter". Any exceptions from this broad language must be strictly construed in order to carry out the purpose of the Congress and make certain that the privacy of the individual is protected as so provided. We therefore find that it was the duty of the Government to present the evidence it obtained under the Section 1955 authorization to the trial judge for him to determine whether it was admissible and was sufficient to meet the burden of the prosecution under Section 1084.

Dismissal of an indictment is the ultimate sanction for the Government's failure to act properly. That drastic remedy has been approved in at least five other circuits in cases involving challenged Grand Jury evidence: *Jones v. United States*, 119 U.S.App.D.C. 284, 342 F.3d 863, 873 (1964); *United States v. Tane*, 329 F.2d 848, 853 (2d Cir. 1964); *Truchinski v. United States*, 393 F.2d 627, 632 (8th Cir. 1968); *United States v. Thompson*, 493 F.2d 305, 308–309 (9th Cir. 1974); *United States v. Johnson*, 463 F.2d 70, 73 (10th Cir. 1972). In addition, Judge Campbell found dismissal justified in a wiretap context in *United States v. Guglialmo*, 245 F.Supp. 534 (N.D.Ill. 1965), and this court affirmed, *United States v. Dote*, 371 F.2d 176, 178 (7th Cir. 1966). Moreover, the Supreme Court has itself recognized "the stringent conditions" imposed by Congress on the interception of private wire and oral communications. Those restrictions not only limit the interceptions to specified serious crimes where prior judicial approval has been secured, but they further underscore that all interceptions are outlawed except where "expressly authorized in Title III". Indeed, unauthorized interceptions and the disclosure and use of information obtained through them are denounced as crimes. *Gelbard v. United States*, 408 U.S. 41, 46, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). *Gelbard*,

unlike the instant case, involved a grand jury witness, not the dismissal of indictment of a defendant in a criminal prosecution. Nevertheless, its outline of the overall policy of Title III and the strictures that it imposes are relevant here. We emphasize that here the fault lies not with the Grand Jury, for it did as it was told by the prosecutor, but with the prosecution itself for not complying with Section 2517(5).

Affirmed.