**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Norman OWENS, Defendant-Appellant.**

**No. 39545.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Oct. 3, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Jan. 8, 1979.

London, Greenberg & Fleming, Lawrence J. Fleming, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

This case concerns the admissibility of evidence obtained as a result of a wiretap which was issued pursuant to 18 U.S.C. § 2510, et seq.

The petition which sought the authorization to wiretap the telephone of the appellant, Norman Owens, was predicated on a detailed network of facts. In the course of an investigation into the interstate movement and sale of stolen goods, the FBI had received judicial permission to tap the telephones of two suspected felons. These two taps yielded the interception of conversations which implicated the appellant. As the content of these conversations concerned trafficking in stolen goods, the FBI sought and received permission from the District Court of Eastern Missouri to tap appellant's telephone.

While monitoring the appellant's telephone conversations, the FBI overheard the

development of a scheme to burglarize a home in Ladue. The FBI relayed this information to the Ladue Police, who established a stake out at the targeted residence.

Two officers of the Ladue Police force observed the appellant and another man approach and break into the house. The appellant and his associate were apprehended and arrested following their exit from the residence. The appellant was subsequently charged with second degree burglary and possession of burglary tools.

Prior to trial, appellant moved to dismiss the indictment and to suppress the evidence, contending that the tap which precipitated the dragnet and led to his arrest was obtained in violation of 18 U.S.C. §§ 2515–2519. The trial court overruled both motions.

The appellant was convicted of both counts by a court sitting without a jury. He was sentenced to six years in prison on each count, the sentences to be served concurrently.

Owens' appeal is predicated on the contention that the trial court erred in overruling his motions to dismiss and to suppress evidence. In support of his position, the appellant relies on the following points: 1) The application for the interception of wire communications was deficient because neither probable cause nor the likelihood of success through other investigative procedures was demonstrated. The appellant contends that this alleged deficiency renders the application insufficient and requires the suppression of the information furnished by the wiretap. 2) The State allegedly did not comply with the requirements of 18 U.S.C. § 2517(5), namely, obtaining judicial approval before utilizing the fruits of the wiretap.

■ Our consideration of the issue of the sufficiency of the wiretap application will begin with an inquiry into the existence of probable cause.

The application concerned herein contained an outline of the circumstances which precipitated the FBI to apply for a wiretap on the appellant's telephone.

The scenario began when confidential informants, who had proven themselves to be reliable in the past, were approached, and asked to sell "warm" goods. The FBI, suspecting that stolen goods were being sold interstate, obtained authorization to tap the telephones of the parties who contacted the informants. The conversations between the two parties under wire surveillance contained references to the appellant. Overheard were arrangements for the appellant to transport the "stuff", amid references to the need to move the "stuff" quickly for fear of FBI interference.

The contents of the conversations were corroborated by physical surveillance of the appellant. After one of the parties whose telephone was tapped called the appellant and discussed meeting and transporting "stuff", the appellant was observed leaving his home and returning later with two boxes.

The application for authorization for a wiretap on the appellant's telephone contained synopses of these conversations, and the results of the physical surveillance. In addition, the application incorporated by reference the affidavits of special agents which supported the petition for the two original wiretaps.

Appellant contends that the assertions contained in the supporting affidavits were speculative, and not formidable enough to constitute probable cause to believe that the intercepted communications would reveal trafficking in stolen property of a value of $5,000 or more. It is not necessary however, that the affidavit contain information which proves the appellant's involvement beyond a reasonable doubt. *Haina v. State*, 30 Md.App. 295, 352 A.2d 874, 880 (1976) cert. denied, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977).

The governing statute provides that an application for authorization of a wiretap must contain:

"A full and complete statement of the facts and circumstances relied upon by the appellant, to justify his belief that an order should be issued, including (i) de-

tails as to the particular offense that has been, is being, or is about to be committed, (ii) a particular description of the nature and the location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted." (18 U.S.C. § 2518(1)(b)).

This statute has been interpreted as employing the same standard of probable cause as is required for the issuance of a search warrant. *United States v. Falcone,* 505 F.2d 478, 481 (3rd Cir. 1974) cert. denied, 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 432 (1975). Accordingly, the application must be viewed in a commonsense way to determine if enough facts exist to establish probable cause to grant the wiretap request. *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

Considering the facts known to the FBI at the time of the preparation of the application, there existed reasonable grounds to believe the appellant was involved in criminal activity of the type specified in the affidavits. Accordingly, we rule the first point against the appellant.

■ The second point raised by the appellant in connection with the sufficiency of the wiretap application concerns the alleged failure of the FBI to demonstrate that other investigative techniques had been attempted and failed, or were unlikely to succeed if attempted.

The statute requires that the applicant make "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).

The application for the wiretap on appellant's telephone stated that the location of his residence rendered surveillance without detection almost impossible. There were four apartments which shared the same entrance and were occupied by young adults. Prior attempts at physical surveillance had precipitated inquisitive remarks concerning the presence of strangers.

The appellant attacks this assertion as being conclusory, and insufficient for failing to outline the feasibility of other investigative procedures.

Before addressing this point it must be noted that this court is aware that these sections (18 U.S.C. § 2510 et seq.) reflect the congressional intent to limit wiretaps to those which are necessary as well as reasonable. In enacting Title III of the Omnibus Crime Control Act however, Congress did not demand that all avenues of investigative tactics be exhausted before a wiretap order could be issued. *United States v. Smith,* 519 F.2d 516, 518 (9th Cir. 1975). The government's showing is to be appraised in a practical and commonsense manner. *United States v. Vento,* 533 F.2d 838, 849 (3rd Cir. 1976). An application of these principles to the present case reveals that the challenged petition alleged that physical surveillance was impracticable. The application incorporated by reference affidavits which contained allegations that informants had refused to testify against the parties suspected of selling stolen goods. Further infiltration of the ring was not feasible because buyers of the goods were not dealt with directly, but only through the informants.

It is apparent from the application taken as a whole, that the decision to seek authorization to tap the appellant's telephone was not routinely invoked as "the initial step in the investigation". *United States v. Giordano,* 416 U.S. 505, 515, 94 S.Ct. 1820, 1827, 40 L.Ed.2d 341, 353 (1974).

Accordingly, we find that the application complied with the requirements of 18 U.S.C. § 2518(1)(c), and rule the second point against the appellant.

■ The final issue raised by the appellant consists of the allegation that the State did not comply with the requirements of 18 U.S.C. § 2517(5) insofar as judicial approval

was not obtained prior to the use of the fruits of the wiretap.

Section 18 U.S.C. § 2517(5) provides, in pertinent part:

". . . When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications . . . intercepts wire or oral communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or use as provided in subsections (1) and (2) of this section.[1] Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. . . ." [2]

At the outset it must be noted that appellant does not specify whether the burglary tip is to be construed as direct or indirect evidence derived from the wiretap. Accordingly, our ruling on this point will be prefaced by treating the tip within the framework of 18 U.S.C. § 2517(3) (as such given in "testimony under oath or affirmation in any proceeding") and 18 U.S.C. § 2517(5) (as other crime evidence derived from the wiretap).

Appellant cites *United States v. Brodson*, 393 F.Supp. 621 (E.D.Wis.1975), aff'd 528 F.2d 214 (7th Cir. 1975) in support of his contention that the use of the burglary tip may be classified under the heading of tes-timonial use within 18 U.S.C. § 2517(3). In *Brodson*, the Seventh Circuit affirmed the dismissal of an indictment for noncompliance with the provisions of 18 U.S.C. § 2517(5). The reasoning in the case relied on is distinguishable because, unlike the case at bar, the intercepted conversations were disclosed to the grand jury.

The appellant has also implied that the burglary tip may be categorized as evidence derived from the wiretap under 18 U.S.C. § 2517(5). We do not subscribe to this interpretation. In a similar case the Circuit Court for the District of Columbia held:

". . . Had actual other-crimes evidence from that tape been introduced at trial, the statute would have required previous application for judicial permission. However, since no recordings from the . . . investigation were thus submitted in evidence, it suffices that the trial court review the chain of investigation for Fourth Amendment or statutory violations, at the time that allegedly tainted, indirect fruits of the tap were offered." (Emphasis added) *United States v. Johnson*, 176 U.S.App.D.C. 179, 185, 539 F.2d 181, 187 (1976) cert. denied 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 776 (1977).

In the present case, the contents of the wiretap were neither played nor testified to before the grand jury or at trial. In view of the fact that the intercepted communications were not received in evidence, the trial court held a hearing on appellant's motions to suppress and to quash the indictment. The information adduced at the

---

1. Subsection (1) provides that "any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." 18 U.S.C. § 2517(1).

    Subsection (2) provides that "any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties." 18 U.S.C. § 2517(2).

2. Subsection (3) provides "any person who has received, by any means authorized by this chapter, any information concerning a wire or oral communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any proceeding held under the authority of the U.S. or of any State or political subdivision thereof." 18 U.S.C. § 2517(3).

hearing and at trial did not reveal any Fourth Amendment or statutory violations in the chain of investigation. For the reasons set forth previously in points I and II, we affirmed the trial court's decision in this respect.

It is our opinion that the challenged disclosure by the FBI to the Ladue Police may be considered as being within the realm of the proper performance of official duties under 18 U.S.C. § 2517(1) and (2). "One properly overhearing unexpected villainy need not ignore such evidence." *U. S. v. Johnson*, supra at p. 188. It has been recognized that the judicial approval provision of 18 U.S.C. § 2517(5) does not apply to the uses described in 18 U.S.C. § 2517(1) and (2). *United States v. Vento*, 533 F.2d 838, 854 (3rd Cir. 1976); *U. S. v. Johnson*, supra at p. 187.

As we are persuaded that the underlying wiretap was legal, and that the requisites of 18 U.S.C. § 2517 have been adhered to, we rule the final point against the appellant.

Judgment affirmed.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.

