NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1083

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Eastern District of |
| | Wisconsin. |
|   *v.* | |
| | No. 11-CR-133 |
| JOSE MONTALVO-BORRERO | |
|     *Defendant-Appellant*. | Lynn Adelman, |
| | *Judge.* |

### O R D E R

After a jury trial, Jose Montalvo-Borrero was convicted of conspiracy to distribute 1 kilogram of heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to life imprisonment, the sentence required by statute for defendants with two prior felony drug convictions. *See id.* § 841(b)(1)(A)(i). He filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Montalvo-Borrero opposes this motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel has discussed as well as those raised by Montalvo-Borrero. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Montalvo-Borrero was arrested in March 2010 after a traffic stop that led to the discovery of heroin in his car; the drugs were packaged in a way that suggested that he worked with the Zapata drug organization. At the police station, two officers started to record an interview with him. According to testimony that they later gave at his trial, after they read him his *Miranda* rights, he said that he wanted his attorney present before questioning. But at that point Montalvo-Borrero motioned for the officers to turn off the recorder. They did, and he confided to them that he did not trust his lawyer because the lawyer might report back to the Zapata organization. He then volunteered to tell the officers of his involvement with the two brothers, Reinaldo and Ricardo Zapata, who run that organization. He also offered to be an informant. But Montalvo-Borrero proved to be an unreliable informant, so the police began conducting surveillance of him.

Montalvo-Borrero was arrested again a year later, and this time he was tried for distributing drugs for the Zapata organization. Montalvo-Borrero did not testify, and the defense did not call any witnesses. Several police officers, FBI agents, and members of the Zapata organization, including the brothers, testified for the government. Ricardo Zapata stated that Montalvo-Borrero was his right-hand man. He explained that Montalvo-Borrero packaged, sold, and tested heroin, collected money from other sellers, and drove to Chicago to buy heroin from their supplier. Ricardo also stated that Montalvo-Borrero had gone to the supplier on more than five occasions and picked up around 200 grams of heroin each time. The heroin was then cut in order to double the amount. The conspiracy, according to Ricardo, involved more than 2 kilograms of heroin. Other members of the drug organization testified and confirmed Montalvo-Borrero's role in the organization as well as the amount of heroin involved. The jury found him guilty of conspiracy and found that the conspiracy involved at least 1 kilogram of heroin.

In his *Anders* submission, counsel first considers whether Montalvo-Borrero could challenge the sufficiency of the evidence supporting his conviction but properly concludes that the challenge would be frivolous. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government and uphold the jury's verdict so long as any rational jury could have found the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Aldridge,* 642 F.3d 537, 544 (7th Cir. 2011). To prove conspiracy the government was required to show the existence of an agreement between two or more people to distribute drugs and that Montalvo-Borrero knowingly and intentionally joined in this agreement. *See United States v. Suggs,* 374 F.3d 508, 518 (7th Cir. 2004). Furthermore a jury may hold Montalvo-Borrero accountable for the amount of drugs

resulting from any reasonably foreseeable transactions attributable to the conspiracy. *See United States v. Nunez*, 673 F.3d 661, 662 (7th Cir. 2012); *United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009). From the government's witnesses, the jury received ample evidence of both the conspiracy to distribute heroin and the amount of heroin it involved. Although the defense argued at trial that the testimony of the co-conspirators was unreliable, we would not second-guess the jury's credibility determinations on appeal. *See United States v. Roberts*, 534 F.3d 560, 569 (7th Cir. 2008).

Next counsel properly deems frivolous any Fifth Amendment challenge to the admission of Montalvo-Borrero's statements to the police during his March 2010 interview. Counsel considers whether those statements are inadmissible because Montalvo-Borrero initially said he would like to speak to an attorney. *See Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981); *Miranda v. Arizona*, 384 U.S. 436, 469–70, 474–76 (1966). Defense counsel did not move to suppress these statements before trial and did not object to the officers' testimony during trial. Under the version of Rule 12(e) of the Federal Rules of Criminal Procedure in effect at the time of the trial, if a motion to suppress was not made before trial, then the suppression argument is waived unless the defendant can show good cause for the delay. We have interpreted this rule to allow for plain-error review when the defendant shows good cause. *See United States v. Kelly*, No. 14-1015, 2014 WL 6678311, at *4 (7th Cir. Nov. 26, 2014); *United States v. Hargrove*, 508 F.3d 445, 449–50 (7th Cir. 2007); *United States v. Johnson*, 415 F.3d 728, 730–31 (7th Cir. 2005). Rule 12 was amended effective December 1, 2014, after the trial in this case. The new rule, now 12(c)(3), does not mention waiver; it says only that a motion to suppress not made before trial is "untimely" but that a court may consider the untimely objection for "good cause."

We need not decide which rule applies here or examine the issue of good cause. *See United States v. Powers*, 168 F.3d 943, 946 (7th Cir. 1999) (ruling that amended rule may be used if "just and practicable"); *Cleveland v. Porca Co.*, 38 F.3d 289, 294 (7th Cir. 1994) (same). Even if we assume that Montalvo-Borrero satisfies the standard for obtaining review of the district court's decision to admit his statements, an argument that the court erroneously admitted the statements would be frivolous. A defendant who has initially invoked *Miranda* rights may later voluntarily restart the conversation with the police, producing admissible statements. *See Edwards*, 451 U.S. at 484–85; *United States v. Robinson*, 586 F.3d 540, 545 (7th Cir. 2009). Nothing in the record casts doubt on the officers' account that Montalvo-Borrero did just that when, after he initially requested counsel, he then reversed himself and voluntarily discussed his work with the Zapata brothers. Thus it would be frivolous to challenge the admission of his statements.

Counsel next considers whether Montalvo-Borrero could challenge the jury instructions but concludes that such an argument would be frivolous. Montalvo-Borrero did not object to the instructions, so we would review them for plain error. *See United States v. White*, 698 F.3d 1005, 1018 (7th Cir. 2012); *United States v. Peters*, 435 F.3d 746, 754 (7th Cir. 2006). The district court generally used this circuit's pattern instructions. *See* SEVENTH CIR. PATTERN JURY INSTRUCTIONS (2012). We see only one slight deviation from the pattern instructions: the jury was informed that, in calculating the drug amount attributable to the conspiracy, any amount arising from transactions reasonably foreseeable to Montalvo-Borrero could be included. But we would not find plain error here because this instruction still accurately reflects the law. *See Nunez*, 673 F.3d at 662; *Easter*, 553 F.3d at 523; *United States v. Graham*, 431 F.3d 585, 589 (7th Cir. 2005).

Finally, counsel considers a challenge to Montalvo-Borrero's sentence on the ground that the prior convictions that subjected him to a mandatory life sentence had to be submitted to the jury. But, as counsel correctly notes, the Supreme Court in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), rejected this argument, a ruling left unaltered by *Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013). *See United States v. Boyce*, 742 F.3d 792, 799 (7th Cir.), *cert. denied,* 134 S. Ct. 2321 (2014); *United States v. Garrett*, 757 F.3d 560, 574 (7th Cir. 2014).

Montalvo-Borrero raises two issues in his 51(b) response beyond those addressed by counsel. First, he charges ineffective assistance of counsel, but such a challenge is best reserved for collateral review where a fuller record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). Second, he argues that his indictment was constructively amended because it included allegations that two deaths resulted from the conspiracy's heroin distribution, which was not proven at trial. But an indictment is not impermissibly amended when what is proven at trial is narrower than the indictment, provided "the offense proved was fully contained within the indictment." *United States v. Miller*, 471 U.S. 130, 137 (1985); *see United States v. Perez*, 673 F.3d 667, 669 (7th Cir. 2012); *United States v. Trennell*, 290 F.3d 881, 889 (7th Cir. 2002). Proving the deaths would also have triggered life imprisonment, *see generally* 21 U.S.C. § 841(b), but the government instead relied on Montalvo-Borrero's prior convictions to trigger a mandatory life sentence, and the deaths were unnecessary to the conspiracy charge itself, *see id.* §§ 846, 841(a)(1).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.