19-3155-cr
United States v. Gist

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of July, two thousand twenty-one.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,

*Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                              *Appellee,*

                    - v. -                              No. 19-3155-cr

GAMALE GIST, AKA JAMALE GIST,

*Defendant-Appellant*.

_____

For Appellee:                    STEVEN D. CLYMER, Assistant United States Attorney, Syracuse, New York (Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York, Ransom P. Reynolds, III, Assistant United States Attorney, Syracuse, New York, on the brief), *for Appellee.*

For Appellant:                   MOLLY K. CORBETT, Assistant Federal Public Defender, Albany, New York *for Defendant-Appellant.*

Appeal from orders of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the orders of said District Court be and they hereby are affirmed.

Defendant Gamale Gist appeals from a September 23, 2019 order of the United States District Court for the Northern District of New York, Glenn T. Suddaby, *Chief Judge* ("September Order"), denying his motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA Motion").  His brief on appeal argues that the denial of his FSA Motion, in light of the rationale given for the denial by the district court in a December 16, 2019 order ("December Order" or "December 2019 Order"), was an abuse of discretion.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

*Appellate Jurisdiction*
We first address the threshold issue of our jurisdiction to hear this appeal and the arguments raised in Gist's brief.  The government, in addition to defending the December Order on its merits, argues that this Court lacks jurisdiction because Gist's only notice of

-2-

appeal—filed in September 2019—designated the September Order as the order challenged on appeal, not the December 2019 Order. For the reasons that follow, we conclude that in the circumstances of this case, no new or amended notice of appeal was required to give us jurisdiction to consider the December Order.

The notice of appeal from the denial of Gist's FSA Motion was filed on September 26, 2019, by Gist *pro se* (his appointed attorney was allowed to withdraw on September 23, 2019, and did not file a new notice of appearance until January 9, 2020 (*see* Ct. App. ECF. No. 12)). In October 2019, Gist moved *pro se* in the district court for reconsideration of the September Order. Normally the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), although some postjudgment motions in the district court may postpone the effect of the notice of appeal. The Federal Rules of Appellate Procedure ("Appellate Rules" or "FRAP") provide that timely postjudgment motions under certain Rules of the Federal Rules of Criminal Procedure ("Criminal Rules") or of the Federal Rules of Civil Procedure ("Civil Rules") delay the effectiveness of a filed notice of appeal. *See* Fed. R. App. P. 4(b)(3) (referring to Criminal Rules 29 (for judgment of acquittal), 33 (for a new trial), and 34 (for arrest of judgment)); Fed. R. App. P. 4(a)(4) (referring to, *inter alia*, Civil Rules 59 (for alteration or amendment of an order or judgment) and 60 (for relief from an order or judgment)).

Motions for reconsideration in a criminal case are not among those listed in the Appellate Rules as delaying the effectiveness of a filed notice of appeal. Nonetheless, with respect to 18 U.S.C. § 3582(c), which permits modification of an imposed sentence if so authorized by a statute such as the First Step Act, most Circuits have viewed a § 3582(c) motion for a sentence reduction, and a request for reconsideration of the denial of such a motion, as governed by FRAP Rule 4(b)(3), *see, e.g.*, *United States v. Berry*, 679 F. App'x 364, 365 (5th Cir. 2017) ("[a]lthough not listed among the motions in Rule 4(b)(3)(A), a timely motion for reconsideration . . . toll[ed] the period" for appealing the denial of a § 3582(c) sentence reduction motion); *United States v. McKeithan*, 526 F. App'x 158, 160 (3d Cir. 2013) (timely motion for reconsideration of denial of § 3582(c) motion tolled the deadline for appeal from the denial "even though such a motion is not expressly authorized under the Federal Rules of Criminal Procedure"); *contra United States v. Brown*, 817 F.3d 486, 489 (6th Cir. 2016) ("motions to reconsider and vacate the court's decision on [a] § 3582(c) motion . . . . do not toll the time or restart the clock for filing a notice of

appeal under the relevant *criminal* appeal deadline. *See* Fed. R. App. P. 4(b)(3)." (emphasis in original)).

In the present case, in response to Gist's motion for reconsideration, the government in its (unpaginated) "Response to Defendant Gist's *Pro Se* Motion to Reconsider an Order Denying a Motion to Reduce Gist's Sentence Under the First Step Act of 2018" ("Government Response")—citing both criminal and civil cases, but no Criminal Rules, Civil Rules, or Appellate Rules—argued that Gist's reconsideration motion allowed the district court to retain jurisdiction, and it urged the court to hold his appeal in abeyance. (*See* A.137-38 (citing, *inter alia*, "*United States v. Ridl*, 26 F.3d 73, 75 (8th Cir. 1994) (. . . 'the filing of the motion for reconsideration reinvested jurisdiction in the district court'); . . . *Coan v. Kaufman*, 349 F.Supp.2d 271, 273 n.1 (D. Conn. 2004) ('This filing [of a notice of appeal] does not divest this Court of jurisdiction to rule on Plaintiff's Motion for Reconsideration. Instead, *the notice of appeal is held in abeyance until the motion for reconsideration is resolved.*'), *aff'd*, 457 F.3d 250 (2d Cir. 2006)") (emphasis ours).) The government argued that the district court should grant reconsideration in order to alter the rationale for its denial of Gist's FSA Motion, but that upon reconsideration the court should, as a matter of discretion, adhere to its denial. (*See* Government Response at A.141-44.)

In the December Order, the district court granted reconsideration and adhered to the denial of Gist's FSA motion. Whereas the September Order had denied the motion on the ground that Gist's offense was not one covered by the First Step Act, the December Order accepted the government's concession that Gist's offense was covered; but the district court found the motion properly denied as an exercise of its discretion. (*See* A.182.)

The Appellate Rules provide that a notice of appeal "must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). This requirement is "jurisdictional in nature." *Swatch Group Management Services Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (internal quotation marks omitted). However, given that a notice of appeal filed before the disposition of some postjudgment motions "becomes effective upon the . . . entry of the order disposing of the last such remaining motion," Fed. R. App. P. 4(b)(3)(B)(i); *see also id*. Rule 4(a)(4)(B)—and that the government persuaded the district court that Gist's reconsideration motion was one that delayed the effectiveness of his notice of appeal—we conclude that Gist's notice of appeal

became effective to bring up for review both the September Order and the December Order upon the entry of the December Order, for either of two reasons.

If the premise of the government's position in the district court was that Gist's motion was within the scope of FRAP Rule 4(b)(3), it is appropriate to apply to his notice of appeal from the September Order—which was plainly timely—all of the subparts of FRAP Rule 4(b)(3). That Rule includes the provision that "[a] valid notice of appeal *is effective—without amendment*—to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A)." FRAP Rule 4(b)(3)(C) (emphases added).

If we were to conclude instead that a motion for reconsideration of the denial of a § 3582(c) motion should not be treated as within the scope of FRAP Rule 4(b)(3)—and we note that the government cited more civil cases than criminal cases in arguing to the district court that Gist's appeal was to be held in abeyance—we would look for guidance to FRAP Rule 4(a), which governs appeals in civil cases. *See generally United States v. Powers*, 168 F.3d 943, 948 (7th Cir. 1999) ("though the language of Rule 4(b) has always been slightly different from that of Rule 4(a), the drafters of the 1993 amendments made it clear that they were adopting the same approach for Rule 4(b) appeals as they spelled out for Rule 4(a)(2) appeals"). Subpart (4)(A) of FRAP Rule 4(a) refers to, *inter alia*, motions in the nature of reconsideration under Civil Rules 59 and 60, *see* Fed. R. App. P. 4(a)(4)(A)(iv) and (vi); and subpart (4)(B) provides that a timely notice of appeal filed before disposition of such a motion becomes effective "when the order disposing of the last such motion is entered," *id*. Rule 4(a)(4)(B)(i).

FRAP Rule 4(a)(4)(B) also provides that "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)." Fed. R. App. P. 4(a)(4)(B)(ii). However, that requirement to file a new or amended notice applies only "*[i]f the judgment is altered* upon disposition of a posttrial motion." Fed. R. App. P. 4 Advisory Committee Note to Paragraph (a)(4) (1993) (emphasis added).

In the present case, as the government acknowledges, it was only the district court's rationale that was altered. (*See* Government brief on appeal at 26 ("district [court] again denied Gist's request to have his sentence reduced, but did so on a different basis").) The disposition of Gist's FSA Motion was precisely the same; the motion denied in the

September Order remained denied in the December Order. The judgment was not altered. Thus, no new or amended notice of appeal was required.

We conclude that the "failure" of Gist's timely September notice of appeal, challenging the September Order's denial of his FSA Motion, to mention the yet-to-be issued December Order adhering to that denial did not result in a lack of appellate jurisdiction to consider the December Order. This Court has jurisdiction to review that unaltered disposition, including its revised rationale.

*The Merits*

We review denials of a motion for a discretionary sentence reduction for abuse of discretion. *See United States v. Moore*, 975 F.3d 84, 88 (2d Cir. 2020). We review the district court's factual findings for clear error. *See id*. at 89. District courts considering motions under the First Step Act must first "determine whether the defendant is eligible for a reduction" and second "whether, and to what extent, to exercise its discretion to reduce the sentence." *Id*. A district court must "take into account Guidelines range changes that result directly from the retroactive application of Sections 2 and 3" of the Fair Sentencing Act of 2010. *Id*. at 91. However, the First Step Act "does not entail a plenary resentencing" and "does not obligate a district court to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010, when considering as a discretionary matter whether (or by how much) to grant a sentence reduction." *Id*. at 92.

Gist argues that the district court abused its discretion in denying his motion because the court focused primarily on deterrence. This argument lacks merit. "[A] district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *Id*. at 92 n.36. The court's focus primarily on Gist's extensive history of criminal offenses, including such conduct while he was on probation, did not constitute an abuse of discretion. We have recently clarified that, contrary to Gist's argument, district courts considering First Step Act motions "have no obligation to apply" the § 3553(a) factors, *United States v. Moyhernandez*, No. 20-675, ___ F.4th ___, 2021 WL 2963725, at *5 (2d Cir. July 15, 2021). Nevertheless, "those factors may often prove useful," *id*. at *7, and the district court here, believing that it was required to consider them, did so, expressly addressing some of them. The court also considered postsentencing factual developments, including Gist's participation in a college program,

his volunteer work including knitting for children and encouraging youth not to use or possess illegal firearms or narcotics, the small number of discipline reports involving Gist between 2015 and 2018, and Gist's greater age and maturity. The court ultimately concluded that Gist's post-sentencing conduct did not mitigate the court's concerns about Gist's history of "rampant recidivism," citing to Gist's "extensive history of re-offending despite incarceration and supervision." (A.181-82.) We see no abuse of discretion.

We have considered the remainder of Gist's arguments and find them to be without merit. The orders of the district court denying Gist's motion for a First Step Act sentence reduction are AFFIRMED.

FOR THE COURT
CATHERINE O'HAGAN WOLFE, Clerk of Court